UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

WILLIAM SHELTON, BARBARA
SHELTON, ELLEN SHELTON, a
minor through her guardian
ad litem BARBARA SHELTON;
and JESSICA SHELTON, a minor
through her guardian ad
litem BARBARA SHELTON,

No. 2:97-cv-1309-MCE-EFB

            Plaintiffs,

       v.                                    ORDER

COUNTY OF BUTTE, MICK GREY,
DOUG SMITH, DENNIS COOLEY,
KIRK TROSTLER, JEFFERY
HAYES, KAREN TABOR, PERRY
RENIFF, BERNIE LIGHTNER,
EDWARD SZENDREY, TONY
BURDINE, CRAIG GILL, DAVIS
BLAIR, KEITH JOHNSON, o.
BRENT REDELSPERGER, and
DOES 1-50, inclusive,

            Defendants.

                    ----oo0oo----

     By Order filed August 27, 2001, Judge Milton S. Schwartz

denied Defendants' Motion for Summary Judgment in this case.

///

///

1

1  Now before this Court is a renewed request by Defendants for
2  summary judgment, made on grounds that the Supreme Court's recent
3  decision in <u>Hartman v. Moore</u>, 126 S.Ct. 1695 (2006) has
4  "drastically shifted" the legal landscape in this matter.
5  (Defs.' Motion, 2:11-12).  Defendants' position is predicated on
6  the sole contention that <u>Hartman</u> is directly applicable to
7  Plaintiffs' remaining claims and changes the validity of Judge
8  Schwartz' rationale in denying summary judgment as to those
9  claims.  The Court disagrees, and believes <u>Hartman</u> is
10  distinguishable on its facts from the present case.

11      <u>Hartman</u> involved a criminal prosecution against William G.
12  Moore, Jr., the chief executive of a manufacturer of multiline
13  optical readers.  Moore advocated the use of such readers by the
14  United States Postal Service.  Although multiline readers were
15  ultimately adopted by the Postal Service, Moore claimed that
16  Postal Service inspectors who resented his lobbying activities in
17  favor of the multiline system (as opposed to the single-line
18  readers the Postal Service initially wanted to employ)
19  subsequently launched a criminal investigation against him in
20  retaliation for his lobbying efforts.  Moore was indicted as a
21  result of that investigation and after his eventual acquittal
22  sued both the prosecutor and the inspectors for retaliating
23  against him in violation of his First Amendment right to free
24  speech in voicing criticism of the Postal Service.  <u>Id.</u> at 1699-
25  1700.  The Supreme Court found that because there was probable
26  cause for the investigation allegedly spearheaded by the
27  inspectors, no claim for retaliatory prosecution could be stated.
28  <u>Id.</u> at 1707.

1    Drawing upon Hartman's requirement that the lack of probable
2   cause be established as an element of Moore's retaliation claim,
3   Defendants herein argue that because Judge Schwartz found that
4   probable cause did exist to issue the search warrant for
5   Plaintiff William Shelton's home that ultimately resulted in his
6   arrest and prosecution, no claim for retaliatory prosecution can
7   be stated.

8    The facts of this case differ in key respects from those
9   confronted by the Supreme Court in Hartman, however, and this
10   Court consequently does not believe that Hartman applies so as to
11   change Judge Schwartz' previous conclusions concerning the
12   propriety of summary judgment.

13    It is not necessary to recite here at any length the alleged
14   facts of this matter as thoroughly discussed in Judge Schwartz'
15   2001 Order.  A brief summation will suffice at this juncture as
16   follows:  Mr. Shelton, a correctional officer working for the
17   Butte County Sheriff's Department, made several written
18   complaints of excessive force by deputies against inmates at the
19   Butte County Jail prior to October 16, 1993.  Shelton also filed
20   a discrimination claim against the County of Butte, which he
21   settled on December 1, 1994.  At about the time Shelton's
22   discrimination claim settled, Deputy Sheriff Dennis Cooley began
23   investigating a possible connection between Shelton and the
24   disappearance of certain items from the Butte County Historical
25   Society some three years before, even though no one from the
26   Historical Society had initiated contact with the Sheriff's
27   Department about the missing items in the intervening three year
28   period.

3

In 1995, after Plaintiff made an additional complaint about beatings at the jail to his supervisor, Sheriff Grey told Shelton that it was unsafe for him to return to work.  Shelton was subsequently discharged for willful insubordination, although he was later reinstated and placed on work related disability.  The Sheriff's Department thereafter expanded its investigation of Shelton after one Dorothy Van Luvanee claimed that certain antique items were missing from her home after Shelton worked there as a handyman.

Based both on the Butte County Historical Society losses and the items reported missing from Ms. Luvanee, Deputy Sheriff Dennis Cooley prepared a search warrant for Plaintiff's two homes.  Plaintiff claims that Sheriff Grey "put out a memo" that Shelton would be arrested on felony charges even before the search warrant was executed.  Although several items reported missing by the Historical Society were indeed located at Shelton's homes during the course of the search, Plaintiff claims that the items had been loaned to him for safekeeping (Shelton had previously worked as a volunteer for the Society) due to flooding concerns.  Plaintiff was prosecuted even though one of the investigators assigned to the case, Bernie Lightner, had allegedly been informed that the Society had indeed loaned certain items to the public.

The case against Plaintiff for receiving stolen property, second degree commercial burglary, offering false evidence and grand theft of personal property ultimately went to trial. Shelton was acquitted on two counts and the jury failed to agree on the remaining two counts.

1    The foregoing discussion makes it clear that this case
2    involves complicated allegations extending over a period of years
3    in response to Plaintiff's purported whistle-blowing activities.
4    The course of retaliation claimed to have suffered extends from
5    adverse employment actions to criminal prosecution, and stems
6    according to Plaintiff from his complaints against mistreatment
7    of Butte County Jail inmates that, if true, implicate
8    constitutional concerns under the Eighth Amendment.  _Hartman_, in
9    contrast, involved only criticism of certain business decisions
10   advocated by the Postal Service with respect to the technology
11   for sorting mail.  Moreover, unlike _Hartman_, here we have
12   allegations that Butte County Sheriff's personnel, in addition to
13   instigating the investigation itself, also solicited others (the
14   Historical Society and Ms. Luvanee) to file complaints against
15   Mr. Shelton.

16   The factual questions raised as to Defendants' motives for
17   all this alleged behavior potentially take this case far beyond
18   the narrow confines confronted by the Supreme Court in _Hartman_.
19   Those unresolved factual issues make this case inappropriate for
20   disposition on summary judgment for the same reasons identified
21   by Judge Schwartz in his 2001 Order.  Those reasons need not be
22   further detailed here and are incorporated by reference as if
23   fully set forth.  Plaintiff William Shelton's claims premised on
24   violations of 42 U.S.C. § 1983 (for alleged deprivations of his
25   First and Fourteenth Amendment rights), as well as his claim for
26   intentional infliction of emotional distress, accordingly survive
27   summary judgment.
28   ///

1    In addition, Defendants cannot rely upon the defense of

2 qualified immunity since, as Judge Schwartz concluded, it would

3 have been clear to any reasonable officer that retaliation

4 against Plaintiff for the activities he identifies would be

5 impermissible.

6    Based on the foregoing, the Court DENIES Defendants' renewed

7 Motion for Summary Judgment.[1]

8    IT IS SO ORDERED.

9

10 DATED: January 16, 2007

11

12

13    _____

14    MORRISON C. ENGLAND, JR
      UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27    [1] Because oral argument would not be of material assistance,
   this matter was deemed suitable for decision without oral
28 argument.  E.D. Local Rule 78-230(h).